UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


WILLIAM SCHULTZ AND BETTY SCHULTZ                              PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:07CV627-LTS-RHW

LEXINGTON INSURANCE COMPANY                                    DEFENDANT
DOING BUSINESS AS LEX ELITE PERSONAL LINES INSURANCE


**ORDER**

        This matter is before the Court on Plaintiffs' [8] Motion for Default Judgment against the
only named Defendant.  There is also pending a [6] Motion for Entry of Default.  When the latter
motion was filed, the Clerk, pursuant to Fed. R. Civ. P. 55 and standard procedure, [7] entered
default.  Upon a review of the record, as set forth below, Plaintiffs' motion will be denied and the
Clerk's entry of default will be set aside.

        Plaintiffs' [1] Complaint was filed on May 4, 2007.  The docket indicates that [2]
summons was issued on the same day.  There is no relevant activity until February 19, 2008,
when, after two attempts [3] [4], the summons was returned [5] executed.

        Two affidavits have been submitted in support of the requested relief.  One of Plaintiffs'
lawyers signed one in support of the Clerk's entry of default, reciting that Defendant "was
properly served" and that "Service of Process was effectuated upon the Defendant by Certified
Mail Return Receipt Registered Mail . . . ."  Among the exhibits attached to this affidavit is an
endorsement on Defendant's insurance policy which includes a Service of Suit Clause reading as
follows:

        Service of Suit- In the event of our failure to pay any amount claimed to be due
        hereunder, we, at your request, will submit to the jurisdiction of a court of
        competent jurisdiction within the United States.  Nothing in this condition
        constitutes or should be understood to constitute a waiver of our rights to
        commence an action in any court of competent jurisdiction in the United States, to
        remove an action to a United States District Court, or to seek a transfer of a case
        to another court as permitted by the laws of the United States or of any state in the
        United States.  It is further agreed that service of process in such suit may be made
        upon Counsel, Legal Department, Lexington Insurance Company, 100 Summer
        Street, Boston, Massachusetts, 02110-2103, or his or her representative, and that
        in any suit instituted against us upon this policy, we will abide by the final
        decision of such court or of any appellate court in the event of an appeal.

Further, pursuant to any statute of any state, territory, or district of the United States which makes provision therefor, we hereby designate the Superintendent, Commissioner or Director of Insurance, or other officer specified for that purpose in the statute, or his or her successors in office as our true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by you or on your behalf or any beneficiary hereunder arising out of this policy of insurance and hereby designate the above named Counsel as the person to whom the said officer is authorized to mail such process or a true copy thereof.

The other affidavit is by Cynthia S. Foster, a paralegal for Plaintiffs' counsel's law firm. She mailed the Summons and Complaint to Defendant at the address in the Service of Suit Clause via certified mail–return receipt requested.  The return receipt bore the same name of one of Defendant's agents on return receipts in three other cases filed by counsel on behalf of plaintiffs.  Ms. Foster's affidavit also states that "Counsel for Lexington Insurance Company entered an appearance and filed responsive pleadings in the three . . . cases in which Defendant was served with process in the same manner as the instant litigation."

The summons was issued by the Court Clerk on May 4, 2007, and the return of service is dated May 23, but the Declaration of Server (Ms. Foster) is not dated until "11/12/07."  The return receipt has a printed name (not a signature), a blank date of delivery, and shows the sender as Betty Jo Simpson.

It is not necessary for the Court to go into an extensive discussion of Fed. R. Civ. P. 4 and the intricacies of the summons process (Plaintiffs do not discuss it at all, simply relying on the Service of Suit clause which makes no mention of service by certified mail; it is not even clear if the time limit for service was met, the failure of which could result in dismissal of the action without prejudice, but that is of no significant moment to the Court's decision), it appears that the provisions of Fed. R. Civ. P. 55 as to default, including a hearing on damages, will be an empty exercise.  The Court can conclude preemptively that good cause exists for setting aside the entry of default by the mere fact that "Counsel for Lexington Insurance Company entered an appearance and filed responsive pleadings in . . . three [other] cases in which Defendant was served with process in the same manner as the instant litigation."  There is no good reason to believe that Defendant would appear in other cases but intentionally fail to appear in this one.

Default judgment is too drastic a remedy, and the Court prefers (as should the Plaintiffs) a judicial decision on the case's merits.   Taking into consideration the question of the timing of service, Plaintiffs will be required to effect service under Fed. R. Civ. P. 4(h) (unless a waiver is obtained pursuant to Fed. R. Civ. P. 4(d)), without regard to the Service of Suit clause.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [8] Motion for Default Judgment is **DENIED**;

The [7] Clerk's Entry of Default is hereby **SET ASIDE**;

Plaintiffs' [6] Motion for Entry of Default is **MOOT**;

Plaintiffs shall effect service on the Defendant, unless same is waived, within forty-five (45) days of the date of this order; service or waiver shall be accomplished in the manner provided by law.

**SO ORDERED** this the 27th day of May, 2008.


s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE